McGondel v. Derry Cooperative School   CV-96-627-M 02/19/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John F. McGondel,
      Plaintiff,

      v.                                           Civil No. 96-627-M

Derry Cooperative School District;
and Laidlaw Transportation,
      Defendants.

## O R D E R

Plaintiff's complaint seeks to force a change in a public school bus stop from its current location, which he believes to be dangerous, to one he deems to be safer for his children.  The defendant Derry Cooperative School District heard plaintiff's concerns but decided not to change the bus stop.  Plaintiff then filed suit in this court, asserting that federal constitutional provisions require a change.

Although not yet properly served, the defendant School District has appeared by counsel and has moved to dismiss the complaint.  The School District says the complaint should be dismissed because service of process has not been effected in compliance with applicable rules.  That objection is of course without merit, as even a cursory review of the record would disclose.  The Magistrate Judge granted plaintiff 120 days from

January 13, 1997, to effect service in accordance with Fed. R. Civ. P. 4, which time has not yet elapsed.

Second, defendant argues that the federal constitution does not provide plaintiff with any cognizable right to a particular school bus stop, under either the Fourteenth or Fifth Amendments, and, therefore, no action relative to that subject matter can be brought under 42 U.S.C. § 1983.  In Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 462 (1988), the Supreme Court observed: "The Constitution does not require that such service [public school bus transportation] be provided at all, and it is difficult to imagine why choosing to offer the service should entail a constitutional obligation to offer it for free." Likewise, it necessarily follows that precisely where public school buses should stop to pick up or drop off passengers is not ordinarily a matter of federal constitutional significance, and certainly not in the absence of some assertion of unlawful discrimination.  If plaintiff is right about the safety risks he perceives, the School District may well be exposing itself to potentially serious liability by not changing the stop after having been put on notice of those safety risks.  But whether there are safety risks that warrant changing the location of the

2

current stop remains a matter committed to the authority and discretion of the School District.

In the absence of allegations of unlawful discrimination, or a viable assertion that would support a claim that the current bus stop bears no rational relationship to the School District's legitimate interest in providing free public school transportation (which is highly doubtful), the location of the bus stop simply does not implicate equal protection concerns. Some school bus stops will, of course, always be comparatively less safe, less convenient, or less accessible than others — but those differences are not, by themselves, constitutionally significant. (Parenthetically, the court also notes that plaintiff does not allege that any state laws or local ordinances relative to ensuring safe school bus operations, or traffic safety in general, are being violated by the School District with regard to the location of the stop giving rise to this complaint.)

Finally, Laidlaw Transportation is named as a party defendant. As no allegations are specifically directed at Laidlaw, plaintiff likely included the bus company as a defendant only in its capacity as contractual agent for the School District. The same considerations discussed above apply equally

to Laidlaw Transportation, even assuming for the moment that Laidlaw may be sued under 42 U.S.C. § 1983 as a person acting under color of state law.

Plaintiff's complaint is necessarily dismissed for failure to state a federal claim upon which relief can be granted. Accordingly, defendant's motion to dismiss (document no. 8) is granted. Parties shall bear their own costs and attorneys' fees.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

February 19, 1997

cc:  Diane M. Gorrow, Esq.
     John F. McGondel

4